MEMORANDUM *
Jaspal Singh (also known as Sukhwinder Singh), a native and citizen of India, petitions for review of the Board of Immigration Appeals’ (BIA) decision affirming the Immigration Judge’s (IJ) denial of his asylum, withholding of removal, and Convention Against Torture (CAT) claims. We deny the petition for review.
Because the BIA adopted and affirmed the IJ’s decision and cited to Matter of Burbano, 20 I. & N. Dec. 872, 874 (BIA 1994), we review the decision of the IJ as the BIA’s decision. Abebe v. Gonzales, 432 F.3d 1037, 1040 (9th Cir.2005). We review the agency’s factual findings, including adverse credibility determinations, for substantial evidence, and we uphold the findings unless the record compels a contrary result. 8 U.S.C. § 1252(b)(4)(B); Monjaraz-Munoz v. INS, 327 F.3d 892, 895 (9th Cir.2003).
The pre-REAL ID Act standards for adverse credibility determinations govern this petition. See Rizk v. Holder, 629 F.3d 1083, 1087 n. 2 (9th Cir.2011). “As long as one of the identified grounds underlying a negative credibility finding is supported by substantial evidence and goes to the heart of the claims of persecution, we are bound to accept the negative credibility finding.” Khadka v. Holder, 618 F.3d 996, 1000 (9th Cir.2010) (citations omitted); see also Wang v. INS, 352 F.3d 1250, 1259 (9th Cir.2003) (“[W]hether we have rejected some of the IJ’s grounds for an adverse credibility finding is irrelevant.”).
*659 Here, substantial evidence supports the agency’s adverse credibility finding because Singh provided inconsistent, vague, and unresponsive testimony when questioned about fundamental aspects of his application. First, Singh’s testimony regarding his role as village sarpanch was riddled with inconsistencies regarding his assumption of that position, his duties, and his resignation. These inconsistencies go to the heart of Singh’s asylum application because they raise doubts as to whether he actually served as sarpanch, and whether the government persecuted him on that basis.
Singh’s vague and unresponsive testimony regarding his political activities also provides substantial evidence supporting the agency’s adverse credibility determination. Despite several direct questions, Singh failed to provide specifics about his role in the Block Samiti and the Akali Dal Mann party. Indeed, Singh failed to mention that the central goal of the Akali Dal Mann party is the creation of an independent Sikh state until the IJ asked him explicitly. This vague and evasive testimony goes to the heart of Singh’s asylum application because it raises serious questions regarding whether he was, in fact, engaged in political activities in India, and whether the government persecuted him on that basis.
Because substantial evidence supports the denial of Singh’s application for asylum, it likewise supports the denial of his withholding of removal claim. See Farah v. Ashcroft, 348 F.3d 1153, 1156 (9th Cir. 2003). Further, because Singh’s CAT claim relies on the same testimony that was properly “determined to be not credible,” his CAT claim fails. Id. at 1157.
PETITION FOR REVIEW DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.